IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| IN RE: ) <br>     KYLE THOMAS POPE, ) <br> ) <br>     Debtor. ) | Case No.: 20-bk-31637-SHB <br> Chapter 7 |
| ) <br> JOHN P. NEWTON, ) <br>     CHAPTER 7 TRUSTEE, ) <br> ) <br>     Plaintiff, ) <br> vs. ) <br> ) <br> ACE CAPITAL, LLC ) <br> ) <br>     Defendant. ) <br> ) | Adv Proc. No.: _____ |

## COMPLAINT

Comes now the Trustee/Plaintiff, by counsel, and for his cause of action would show unto the Court as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 157 and § 1334.

2. This Court has venue over the subject matter of the Complaint pursuant to 28 U.S.C. § 1409.

3. The allegations of the Complaint present core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F) or (K), 157(c)(1) and/or (2) and under the provisions of 11. U.S.C. §§ 544, 547, 549 and 551.

4. Defendant ACE Capital, LLC (hereafter "ACE") is a Tennessee limited liability company with a registered agent Alonzo Shiver, 2611 US Highway 411 S, Maryville, TN 37801.

5. The Plaintiff is the Chapter 7 Trustee, whose office is located at 1111 Northshore Dr., Suite S-570, Knoxville, Tennessee 37919.

## II. STATEMENT OF FACTS

6. The Debtor filed a voluntary Chapter 7 petition on or about July 1, 2020 and the Plaintiff was appointed interim Trustee and remains the Trustee in this case. The Debtor, on the petition date, owned several vehicles including three pledged to Defendant described as follows:

| | |
|---|---|
| 2005 Ford F-150 | Truck |
| 1990 Ford F-250 | Truck |
| 1997 Ford F-350 LGT | Truck |

7. On or about August 31, 2018 the Debtor, Kyle Pope, borrowed money from ACE and pledged to ACE the three (3) vehicles as shown in the attached Applications for Title, Exhibit 1.

8. The Defendant's application to note the lien was not applied for until post-petition on September 11, 2020, See Exhibit 1. Such applications to note the liens is a transfer by the Debtor on account of that prior debt in violation of the stay of 11 U.S.C. § 362(a) and an avoidable post-petition transfer under 11 U.S.C. § 549.

9. The Debtor is presumed to be insolvent within 90 days prior to the petition date pursuant to 11 U.S.C. § § 547(f).

## III. POST-PETITION TRANSFER AND/OR PREFERENTIAL TRANSFER AVOIDANCE

10. The lien is avoidable as a preference under 11 U.S.C. § 547(b) because it was on account of an antecedent debt dated August 31, 2018 and the liens applied for on September 11, 2020 constituting a transfer and made at the time the debtor was presumed insolvent or

became insolvent as a result of the lien and within 90 days prior to the petition day. The lien was not perfected within the 30-day exception under 11 U.S.C. § 547(c)(3).

11. In addition, the defendant/creditor, as a secured creditor, would receive more than the creditor would be entitled to receive under a Chapter 7 liquidation case if the lien/transfer had not been made and the Defendant received payment of such debt to the extent provided by Title 11.

12. Demand was made to the Defendant through counsel on or about October 7, 2020 to acknowledge the lien was not perfected and to date the Defendant has not agreed to any such lien avoidance, release or perfection status.

13. Any avoided lien should be preserved for the benefit of the estate under 11 U.S.C. § 551.

14. The post-petition transfer is also avoidable under 11 U.S.C. § 549(a) because it was not authorized.

### IV. AUTOMATIC STAY VIOLATION

15. The transfer after the 30-day grace period exception of 11 U.S.C. § 362(b)(3) violates the automatic stay of 11 U.S.C. 362(a).

16. The Trustee asserts that the violation of the stay has created actual damages and legal fees for the estate to resolve the vehicle liens perfection. Such damages are recoverable as provided by 11 U.S.C. § 362(k).

**WHEREFORE**, premises considered, the Trustee/Plaintiff prays as follows:

1. Summons issue and that the Defendant be required to Answer as provided by law;

2. That at the Trial in this cause, the Court enter a judgment against the Defendant avoiding the preferential transfer to the Defendant pursuant to 11 U.S.C. § 544, and/or § 547(b) and declaring that the liens on the three (3) vehicles are avoided

-3-

and therefore shall be released on the Tennessee title certificate. Alternately that the post-petition transfer is avoided under 11 U.S.C. § 549(a);

3. The Defendant is liable to Plaintiff actual damages for legal fees and/or punitive damages under § 362(k) for the application to note the lien while the stay was in effect;

4. Any avoided transfer be preserved for benefit of the estate if applicable under 11 U.S.C. § 551.

5. That the Trustee/Plaintiff have such other relief to which he may be entitled pursuant to discovery in this case.

**DATED** this **15th** day of **October 2020**

**RESPECTFULLY SUBMITTED BY:**

/s/ John P. Newton, BPR # 010817
/s/ Richard M. Mayer, BPR # 005534
Law Offices of MAYER & NEWTON
Attorneys for Trustee/Plaintiff
1111 Northshore Drive, Suite S-570
Knoxville, Tennessee 37919
(865) 588-5111 Telephone
mayerandnewton@mayerandnewton.com